STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

*In Re:* V.W.

**FILED**

**February 11, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**No. 12-0747** (Gilmer County 11-JA-18)

## MEMORANDUM DECISION

Petitioner Father files this appeal, by counsel Christina Flanigan, from the Circuit Court of Gilmer County, which terminated Petitioner Father's parental rights to his child by order entered on May 24, 2012. The guardian ad litem for the child, Shelley DeMarino, has filed a response supporting the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its attorney Lee Niezgoda, also filed a response in support of termination.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2011, DHHR filed the petition in the instant case against both parents. When the mother gave birth to the child on October 23, 2011, hospital staff expressed concern that both parents appeared mentally challenged and exhibited a lack of basic parenting skills and knowledge. Upon interviewing the parents, the DHHR caseworker learned that both parents had recently been charged with animal cruelty and that their home was without water and electricity. Both parents also described that all of the animals in their home freely defecated on the floor of the home. After the dispositional hearing in April of 2012, the circuit court terminated both parents' parental rights to V.W., without an improvement period, but permitted post-termination supervised visitation. Both parents have filed separate appeals from this order.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record

1

viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Petitioner Father raises one issue on appeal, arguing that the circuit court erred when it terminated his parental rights without granting him an improvement period. He asserts that expert testimony by the parents' psychiatrist supported that he has the ability to improve to adequately care for his child and that he would abide by conditions of an improvement period. Moreover, petitioner argues that according to *In re Maranda T.*, 223 W.Va. 512, 678 S.E.2d 18 (2009), when allegations of neglect are made against a parent due to intellectual incapacity, the social services system must make a thorough effort to determine whether the subject parent can adequately care for the children with intensive long-term assistance. Petitioner argues that here, he was only given two visits a week with the child and that no services were provided and no aid was given to obtain housing.

The child's guardian ad litem and DHHR both respond in support of the circuit court's termination order and argue that it did not abuse its discretion under West Virginia Code § 49-6-12 in denying the parents an improvement period. Both raise that the parents' psychiatrist testified that any correction of circumstances would take a minimum of one year, and that the parents' parent educator testified that neither parent was successful in learning from the parenting services offered to independently care for the child. The guardian and DHHR argue that given these circumstances, the circuit court did not err in terminating both parents' parental rights without an improvement period.

Upon our review, the Court finds no error in the circuit court's termination of petitioner's parental rights. The Court finds that the circuit court was presented with sufficient evidence upon which it could have based findings that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that termination was necessary for the child's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon these findings.

For the foregoing reasons, we affirm the circuit court's order terminating Petitioner Father's parental rights to V.W.

Affirmed.

**ISSUED:** February 11, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II